22-MJ-1001

## AFFIDAVIT OF SPECIAL AGENT CRAIG R. HARVEY IN SUPPORT OF AN APPLICATION FOR CRIMINAL COMPLAINT

I, Special Agent Craig R. Harvey, depose and state as follows:

1.      I am a Special Agent with the Federal Bureau of Investigation ("FBI") and have been since July 2018.   I am currently assigned to the Boston Field Office, North Shore Gang Task Force ("FBI Task Force").  The primary mission of the FBI Task Force is to identify, investigate, disrupt, and dismantle violent criminal organizations operating in cities north of Boston.   My responsibilities include the investigation of possible violations of federal law, including illegal possession/transfer of firearms, firearms trafficking, narcotics trafficking, and violent crimes involving firearms and narcotics trafficking.  I have received training and experience in various aspects of criminal law and procedure, including electronic and physical surveillance, interrogations, stops, searches, seizures, and arrests for a variety of criminal offenses.  Through my training, knowledge, and experience, I have become familiar with the habits, methods, routines, practices and procedures commonly employed by persons engaged in the use and trafficking of illegal firearms and narcotics, including persons involved in criminal organizations.   My investigations have included the use of surveillance techniques and the execution of search, seizure, and arrest warrants.

2.      This affidavit is submitted in support of an application for criminal complaint charging MATTHEW GREENLAW ("GREENLAW") with Conspiracy to Interfere with Commerce by Robbery, in violation of 18 U.S.C. § 1951(a).

3.      The information contained in this affidavit is based on my personal observations and review of records and reports, review of surveillance video, my training and experience, and information obtained from other FBI and ATF agents, Massachusetts State Police Troopers, local

police officers and witnesses, debriefing of witnesses and informants, cellular phone extractions, and data from social media.  The dates and times in this affidavit are approximate.  This affidavit is submitted for the limited purpose of establishing probable cause for the issuance of the requested criminal complaint and arrest warrant and does not set forth all of my knowledge about this matter.

## PROBABLE CAUSE

4.      I am familiar with MATTHEW GREENLAW ("GREENLAW") who has a date of birth of XX/XX/1998.

5.       Through this investigation, I became aware of a Saugus Police report relating to a March 5, 2020 incident where a drug dealer, who I will refer to as Victim-1,[1] was robbed.  In addition, I have spoken to multiple witness regarding this robbery, including Victim-1, and reviewed surveillance video. Based upon my investigation, I know that GREENLAW participated in this robbery with others.  I also know that GREENLAW and his conspirators targeted Victim-1 because they knew that he was a drug dealer and believed that he had had jewelry obtained through drug proceeds on hand and multiple pounds of marijuana or a large amount of cash derived from drug dealing, which would be used to purchase marijuana for resale.

6.      On March 5, 2020, Saugus Police responded to a call of a home invasion and armed robbery at the Essex Landing apartment complex.  Victim-1 reported to police that two individuals entered his apartment, pointed a gun at him and another individual who was staying at the apartment, and robbed Victim-1 of approximately $20,000 in cash, jewelry, and his cellular phone.  The robbers brought zip ties that they did not use.  Victim-1's face was bloody and he stated that he had been

---

[1] I have spoken to Victim-1 and know his name and address but omit it from this affidavit because I am concerned for his safety.

hit in the head with the firearm.  I learned later through this investigation that the firearm used in this incident was not actually a firearm.

7.      Victim-1 stated to police that during the robbery, he fought back and eventually he and the other occupant were put on their knees while the robbers put the zip ties on the counter.  At some point, the robbers decided not to use the zip ties and instead grabbed jewelry that Victim-1 wearing and a bag that contained approximately $20,000 cash.

8.      The two robbers were captured on surveillance video entering and leaving the building, which I have reviewed.  GREENLAW is one of the two robbers captured on video entering and leaving the building.

9.      Surveillance video from surrounding businesses showed the robbers appearing to be dropped off and picked up by an automobile a few buildings away.  From review of surveillance video, it appears that after dropping the two robbers off, the vehicle parked at a nearby Dunkin Donuts, and two individuals exited the vehicle and entered the Dunkin Donuts. While inside, these two additional coconspirators were captured on surveillance, and have since been identified.  These two coconspirators did not enter the apartment complex.  These two coconspirators exited the Dunkin Donuts, reentered same vehicle and left the Dunkin Donuts parking lot.  The same vehicle was observed on surveillance video picking up the two robbers in the area where they were dropped off.

10.     I am aware through my investigation that Victim-1 was a drug dealer who bought fentanyl pills from one of the coconspirators frequently and had done so on the day of the robbery.  That day or soon before the robbery, Victim-1 told one of the coconspirators that he was going to buy a large amount of marijuana.  Thus, at the time of the home invasion and robbery, GREENLAW and the co-conspirators knew that Victim-1 either would have had the cash on hand to purchase

the amount of marijuana, or would be in possession of the marijuana, and they intended to steal these drugs, or drug proceeds.  The approximately $20,000 in cash stolen during the robbery was the proceeds of Victim-1's drug trafficking.  Additionally, the jewelry stolen during the robbery was also purchased through the proceeds of drug trafficking.  As a result of the robbery, Victim-1 was unable to make his planned purchase of marijuana and his drug distribution was interrupted.

11.    Additionally, a few weeks following the robbery, Victim-1 entered the Saugus Police station and attempted to recant his statements that he had been robbed.  Victim-1 has since told federal agents that his recantation and inconsistent statements were prompted because he was threatened and bribed by individuals believed by Victim-1 to be associates of the conspirators. Specifically, prior to attempted recantation Victim-1 stated he was contacted over the phone by a blocked number and was directed to meet with a woman who paid him approximately $10,000 to tell police that he was not in fact robbed.

12.    Victim-1 was instructed to enter Saugus Police station while on a call to a blocked number, and audibly recant the fact that he was robbed.  Victim-1 met with the woman, and was told that individuals would be listening to him recant the statement about the robbery through the open call on his phone. Victim-1 understood from the circumstances that if he did not take the money and recant, that he would face violence. Victim-1 thus took the money and conducted his recantation telling the police he was not robbed.

## **CONCLUSION**

13.     Based the foregoing, there is probable cause to believe that Matthew GREENLAW has

violated 18 U.S.C. § 1951(a).


        Signed electronically and sworn to via telephone in accordance with Fed. R. Crim. P. 4.1

on January ___10___, 2022.


                                        *Craig Harvey* DLC
                                        _____
                                        Craig R. Harvey, Special Agent
                                        Federal Bureau of Investigation

        Electronically subscribed and telephonically sworn to in accordance with Fed. R. Crim.

P. 4.1 this ___10___ day of January, 2022.


                                        _____
                                        HON. DONALD L. CABELL
                                        UNITED STATES MAGISTRATE JUDGE

